```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF FLORIDA
        TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.  Case No.: 8:18-cr-27-VMC-AEP

ANDRES ZALAZAR GUZMAN

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Andres Zalazar Guzman's pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 153), filed on March 19, 2025. The United States of America responded to the Motion on April 25, 2025. (Doc. # 155). For the reasons set forth below, the Motion is denied.

## I. **Background**

Pursuant to a plea agreement, on April 4, 2018, Mr. Guzman pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. ## 36, 49). On August 3, 2018, Mr. Guzman was sentenced to a 120-month term of imprisonment, followed by a five-year term of supervised release. (Doc. # 105). Mr. Guzman is 35 years old, and his projected release date is December 31, 2025. See Bureau of Prisons' Inmate Locator at https://www.bop.gov/inmateloc/(last visited June 11, 2025).

1

Mr. Guzman seeks compassionate release from prison under Section 3582(c)(1)(A). (Doc. # 153). In his Motion, Mr. Guzman argues – rather unclearly - that compassionate release is appropriate because of "[t]he Trump Administration's Immigration Policy," and requests to be deported to Mexico. (Id. at 1). The United States has responded (Doc. # 155), and the Motion is ripe for review.

## II. Discussion

The United States argues that the Motion should be denied because Mr. Guzman has failed to exhaust his administrative remedies, or, alternatively, because Mr. Guzman has failed to demonstrate an extraordinary and compelling reason for compassionate release, and the Section 3553(a) factors weigh against sentence reduction. (Id.).

As an initial matter, compassionate release is a mechanism for federal inmates to request a reduction of their sentences, it is not a means to request deportation. Next, "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-1195 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a

2

prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No.21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

The United States indicates that there is no evidence that Mr. Guzman has exhausted his administrative remedies. (Doc. # 155 at 2-3). Indeed, Mr. Guzman fails to establish – let alone allege – that he has made any administrative requests or exhausted those requests. Therefore, the Motion is denied for failure to exhaust administrative remedies.

However, for purposes of completeness, the Court will address the merits. Even if Mr. Guzman had exhausted his administrative remedies, the Motion would still be denied because Mr. Guzman has not demonstrated an extraordinary and compelling reason that warrants compassionate release.

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances,

3

(4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." United States v. Allen, No. 1:09-cr-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

In his Motion, Mr. Guzman does not rely on one of the enumerated reasons for compassionate release. Rather, he claims that a shift in immigration policy is itself an extraordinary and compelling circumstance that impacts Mr. Guzman's "family obligations and responsibilities outside prison." (Doc. # 153 at 1). Mr. Guzman does not cite any particular immigration policy, nor describe how it impacts his familial obligations and responsibilities. Accordingly, Mr. Guzman has failed to satisfy his burden, and the Court finds that his arguments – or lack thereof – do not constitute an extraordinary and compelling reason for compassionate release.

Finally, even if Mr. Guzman had established an extraordinary and compelling reason for compassionate release, he has not established that the Section 3553(a) factors favor release or that he would not pose a danger to the community. See United States v. Perez, No. 24-10936, 2024 WL 4534427, at *1 (11th Cir. Oct. 21, 2024) ("A district court may reduce a prisoner's sentence under § 3582(c)(1)(A) only 'after considering the factors set forth in section 3553(a)

4

to the extent that they are applicable,' regardless of whether the prisoner meets the other statutory criteria.").

Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. § 1B1.13(2), and that the Section 3553(a) factors favor early release. Notably, Section 3353(a) requires the imposition of a sentence that, among other things, protects the public and reflects the seriousness of the crime, considers the history and characteristics of the defendant, and the nature and circumstances of the offense. 18 U.S.C. § 3553(a).

Mr. Guzman was responsible for smuggling approximately 1,440 kilograms of cocaine in international waters (Doc. # 155 at 2) – a serious crime deserving of a significant prison sentence. Releasing Mr. Guzman before he has served his entire sentence would not reflect the seriousness of his crime, would not deter future crimes of this nature, and would undermine respect for the law. Particularly because Mr. Guzman only received the statutory mandatory minimum penalty. (Doc. # 150 at 2).

Ultimately, the Court commends Mr. Guzman for his rehabilitative efforts and institutional conduct. (Doc. # 153 at 1). However, the nature of the offense, and the overarching need to protect the public, promote respect for the law, and

5

deter future criminal conduct collectively weigh against release at this juncture.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Andres Zalazar Guzman's pro se Motion for Sentence Reduction under 18 U.S.C. Section 3582(c)(1)(A) (Doc. # 153) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of June, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE